UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR VANZUYLEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>A. RIBERA, et al.,<br><br>　　　　Defendants. | CASE NO. 1:20-cv-0057 DAD JLT (PC)<br><br>**ORDER DIRECTING PLAINTIFF TO FILE A RESPONSE**<br><br>**(Doc. 1)**<br><br>**THIRTY-DAY DEADLINE** |

　　　Plaintiff has filed a complaint asserting constitutional claims against governmental employees and/or entities. (Doc. 1.) Generally, the Court is required to screen complaints brought by inmates seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.　Pleading Standard**

　　　A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Prisoners may bring § 1983 claims against individuals acting "under color of state law." See 42 U.S.C. § 1983, 28 U.S.C. § 1915(e) (2)(B)(ii). Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff brings this Eighth Amendment conditions of confinement claim against California Correctional Institution ("CCI") Chief Deputy Warden B. Cates, Associate Warden C. Schuyler, and Water and Sewer Plant Supervisor A. Ribera. Plaintiff seeks injunctive relief and damages.

Plaintiff's allegations may be fairly summarized as follows:

Plaintiff contends that the water at CCI is pumped in through lead pipes, which has contaminated CCI's water supply. He claims that it is "common knowledge" that "NO amount of lead and/or other contaminants are acceptable in the worlds water supply." Plaintiff claims that he is being "slowly poisoned due to lead (excessive amounts) in the water at CCI." He claims that he "suffers from headaches, stomach cramps, stiffness of joints, problems urinating, hard stools, excessive [phlegm], sore throats, slowed thought process."

Attachments to the complaint reveal that Chief Deputy Warden Cates, Associate Warden

Schuyler, and Water and Sewer Plant Supervisor Ribera were involved in the review and processing of Plaintiff's inmate grievance concerning the claim of contaminated water. Plaintiff was informed by these defendants that CCI complied with all testing and requirements per the California State Water Board.

Plaintiff seeks injunctive relief in the form of a gallon of water per day for drinking, a replacement of the lead pipes at CCI, and $500,000 in punitive damages.

### III.     Discussion

"The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citing Helling v. McKinney, 509 U.S. 25, 31 (1993)). "It is cruel and unusual punishment to hold convicted criminals in unsafe conditions." Helling, 509 U.S. at 33.

Prison officials may not "ignore a condition of confinement that is sure or very likely to cause serious illness and needless suffering the next week or month or year." Id. Prison officials violate these Eighth Amendment guarantees when they are deliberately indifferent to such conditions. Id. at 35. There are objective and subjective components of this test.

First, the objective standard requires that the alleged deprivation be "sufficiently serious" and, where a failure to prevent harm is alleged, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Farmer, 511 U.S. at 834 (quoting Rhodes v. Chapman, 452 U.S. 337, 349 (1981)).

A prisoner must allege both that he will be harmed and that "society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." Helling, 509 U.S. at 36. Therefore, a "prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." Id.

Second, the subjective standard requires that the prison official actually "know of and disregard an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995). A prison official must ''be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and... must

also draw the inference." Farmer, 511 U.S. at 837. Liability may follow only if a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. When extrapolated from circumstantial evidence, the substantial risk of serious harm must be so blatantly obvious that Defendants had to have been aware of it. Foster v. Runnels, 554 F.3d 807, 814 (1970); see also Conn v. City of Reno, 591 F.3d 1081, 1097 (9th Cir. 2010) (holding that the magnitude of the risk must be "so obvious that [the defendant] must have been subjectively aware of it"), vacated, 563 U.S. 915 (2011), reinstated in relevant part, 658 F.3d 897 (9th Cir. 2011).

The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial "risk of serious damage to his future health...." Farmer, 511 U.S. at 843. "[D]eliberate indifference entails something more than mere negligence... [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." Id. at 835. This "deliberate indifference" standard is equivalent to "recklessness," in which "a person disregards a risk of harm of which he is aware." Id. at 836–37.

The Court finds that Plaintiff's complaint fails to state a cognizable claim under these legal standards. Beginning with the objective factor, Plaintiff has not alleged facts showing that he is incarcerated under conditions posing a substantial risk of serious harm. Plaintiff alleges that the water supply is contaminated, but not the facts that support this conclusion. It appears from the complaint that the sole basis for this assertion is that "[i]t is common knowledge that the California Correctional Institution was erected at a period in time when the population were NOT aware of the dangers of using lead pipes to carry the water supply to consumers, however, it is also common knowledge in the present that NO amount of lead and/or other contaminants are acceptable in the worlds water supply." Plaintiff's reference to common knowledge is insufficient to establish these critical facts. Moreover, merely being constructed at a certain period of time does not mean that CCI itself used lead pipes when it was constructed, that the original pipes are still are in place today, or that the pipes are leaking any substance into the water. Plaintiff's

complaint does not allege any other facts that would lead to this conclusion, such as any publication or notice of this danger or, indeed, any confirmation from any source.

Similarly, Plaintiff alleges that he "suffers from headaches, stomach cramps, stiffness of joints, problems urinating, hard stools, excessive [phlegm], sore throats, slowed thought process." However, Plaintiff alleges no facts that would support the conclusion that these symptoms result from lead poisoning at CCI. For example, Plaintiff does not claim that any doctor or medical professional has informed him that he is suffering from lead poisoning.

Plaintiff's complaint also fails to state a claim for violation of the Eighth Amendment because Plaintiff has not alleged any facts satisfying the subjective standard by demonstrating that any of the individual Defendants knows that inmates face a substantial risk of serious harm and yet have disregarded that risk by failing to take reasonable measures to abate it. Plaintiff does not include any facts regarding what any defendant knows regarding the alleged risk of lead poisoning. To the contrary, their responses to his grievances suggest that they believe they are complying with all requirements set by the state. While Plaintiff does also allege that employees carry water bottles, this fact alone does not establish that the individual defendants are aware of a serious risk of lead poisoning. There are many other reasons why employees might wish to carry water bottles. Plaintiff also has not alleged sufficient facts to establish that the risk is so blatantly obvious that the individual defendants must know of it.

**IV.     Conclusion**

Plaintiff's complaint fails to state a claim on which relief may be granted. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff does not wish to amend, he may instead file a notice of voluntary dismissal, and the action then will be terminated by operation of law. Fed. R. Civ. P. 41(a)(1)(A)(i). Alternatively, plaintiff may forego amendment and notify the Court that he wishes to stand on his complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004) (plaintiff may elect to forego amendment). If the last option is chosen, the undersigned will issue findings and recommendations to dismiss the complaint without leave to amend, Plaintiff will have an

opportunity to object, and the matter will be decided by a District Judge.

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff should note that although he has been granted the opportunity to amend his complaint, it is not for the purposes of adding new and unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully review this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete without reference to any prior pleading. In general, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original no longer serves a function in the case. Id. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly titled, in bold font, "First Amended Complaint," reference the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . ." Twombly, 550 U.S. at 555 (citations omitted). Accordingly, the Court **ORDERS** that:

1. Within thirty days from the date of service of this order, Plaintiff must file either a first amended complaint curing the deficiencies identified by the Court in this order, a notice of voluntary dismissal, or a notice of election to stand on the complaint;

2. If Plaintiff fails to file a first amended complaint or notice of voluntary dismissal, the Court will recommend the action be dismissed, with prejudice, for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated: __July 30, 2020__                    /s/ Jennifer L. Thurston
                                                                                          UNITED STATES MAGISTRATE JUDGE